Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA L. ROBELLO, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. HOSTILE ENVIRONMENT SEXUAL HARASSMENT<br>2. RETALIATION |
| MANDALAY CORP. dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; MANDALAY RESORT GROUP dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; MGM RESORTS INTERNATIONAL dba MANDALAY BAY RESORT & CASINO, a Delaware Corporation; JESSE ESTRADA, an individual, | 3. ASSAULT AND BATTERY<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>JURY DEMAND |
| Defendants. | |

Plaintiff DEBRA L. ROBELLO ("Plaintiff" or "Robello") alleges as follows:

**JURISDICTION AND VENUE**

1.   This action is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII") to obtain relief for Plaintiff Robello for

1

discriminating against her, harassing her and retaliating against her, on the basis of her sex (female) in the terms, conditions or privileges of her employment.

2.   At all relevant times, Defendants MANDALAY CORP. dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; MANDALAY RESORT GROUP, dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; and MGM RESORTS INTERNATIONAL dba MANDALAY BAY RESORT & CASINO, a Delaware Corporation (hereinafter "Mandalay Bay" or "Defendant Mandalay Bay") employed more than fifteen (15) employees, and they are therefore subject to the provisions of Title VII.

3.   Jurisdiction is predicated under these code sections as well as *28 USC §1331*, as this action involves a federal question. The state law claims for assault and battery and intentional infliction of emotional distress are predicated on the supplemental jurisdiction of the court pursuant to *28 USC §1367(a)*.

4.   The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2)*, and the ends of justice so require.

## PARTIES

5.   Plaintiff, Robello is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

6.   Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant Mandalay Bay.

7.   Mandalay Bay is an employer within the meaning of *42 USC §2000e(b)*.

8.   Plaintiff is informed and believes and thereon alleges that Estrada is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

## EXHAUSTION OF REMEDIES

9.   Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on

December 27, 2013, a copy of which is attached to complaint as Exhibit "A".

## STATEMENT OF FACTS

10. On or around September 2001 Plaintiff was hired to work at Mandalay Bay as a banquet bartender and currently works at Mandalay Bay as a banquet bartender.

11. During the time Plaintiff was employed by Mandalay Bay she was sexually harassed by her co-worker Jesse Estrada (hereinafter "Estrada" or "Defendant Estrada").

12. Around 5:30 to 6:00 p.m. on Monday September 30, 2013 Robello was working at the South Seas banquet room "A" at the Mandalay Bay and as Plaintiff was taking six bottles of wine back to the beverage office she was approached by Defendant Estrada who put out his hands and said, "let me help you (ie. with the wine bottles)".

13. Instead of taking the wines bottles from Plaintiff, Estrada grabbed her breasts with his hands and then started laughing. This is not the first time that Estrada touched Robello without her consent.

14. Robello then moved away from Estrada and at the same time pushed Estrada away with her shoulder (because her hands were full), so he would remove his hands from her breasts and as she did, he continued to laugh. Estrada then took the wine bottles from Plaintiff.

15. Robello was shocked and offended by Defendant Estrada's behavior. Plaintiff felt like she had just been raped.

16. Plaintiff immediately reported what happened to the food captain Kirk Kilpatrick who told Robello to report it to the beverage supervisor on duty, which she did.

17. Robello was directed to write a statement on the incident by James Clare, which she did, which outlining what occurred. In addition the incident was caught on hotel surveillance video.

18. Robello believes that Defendant Estrada was also intoxicated from alcohol during the incident.

19. On October 1, 2013 Estrada was suspending pending investigation and on October 8, 2013 Defendant Estrada was terminated. Plaintiff was told by Clare that Estrada was

terminated because what Robello said in her written statement and what the surveillance video showed.

20. Although Plaintiff tried to keep the incident strictly confidential, other employees almost immediately knew what had happened and this led to Robello having to leave work early on October 1, 2013 and missing work altogether on the 2nd, 3rd and 4th of October.

21. Plaintiff believes that the confidentiality of the incident was compromised by other employees of Mandalay Bay which learned of the incident in confidence.

22. This was a truly traumatic experience for Plaintiff and led to constant crying attacks, embarrassment, feeling violated, having nightmares about the incident and being unable to sleep, among other things.

23. Then on November 2, 2013, to Plaintiff's shock and disbelief, and without her consent or any warning from Mandalay Bay, Defendant Estrada was hired back by Defendant Mandalay Bay and now works at the same workplace as Robello just like before.

24. This has led to Plaintiff continuing to suffer extreme emotional distress, mental anguish and anxiety, among other things, knowing that every day she might see Defendant Estrada and he might again violate her. In fact, on the day Estrada returned Plaintiff was so distraught that she had to take the day off.

25. This has led Plaintiff to seek ongoing help from a psychologist so she can cope on a day to day basis with the ongoing emotional distress and mental anguish she is experiencing from the original incident with Estrada and his continued presence at the workplace.

26. Robello fears having to see Estrada daily, not knowing whether he will again get the urge to sexually assault her.

27. Finally, after Plaintiff reported the sexual harassment, Robello began to experience retaliation from various staff members, including but not limited to:

    a. Other employees which Robello worked with started to act differently towards her and making her feel like she acted improperly even though it Estrada who acted wrongly;

    b. On October 21, 2013 Plaintiff received a written counseling notice for an

4

incident which happened on October 13, 2013 in which shop steward Darlene Cameron verbally attacked Robello for something Plaintiff did not say or do;

      c. On October 14, 2013 James Clare walked up to Plaintiff in front of several employees and told her that her shirt was not proper for work because it had a logo on it, even though she had worn a logo on her shirt before and even though other employees regularly wore logos on their shirts; and

      d. On February 28, 2014, Clare allowed another bartender to work the bar Robello's was assigned even though she didn't agree with it, which violated a rule that the bartenders in Plaintiff's department have that both bartenders have to agree with the change.

## FIRST CAUSE OF ACTION

### (Hostile Environment Sexual Harassment in violation of Title VII)

28. Plaintiff Robello incorporates the allegations set forth in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for "Hostile Environment" sexual harassment which is governed by Title VII.

30. As previously set forth herein above, Plaintiff was sexually harassed on September 30, 2013 by Defendant Estrada when he grabbed her breasts with his hands, which created a "Hostile Environment" in the workplace for Robello.

31. Although Defendant Mandalay Bay did initially terminate Estrada on October 8, 2012 after investigating the incident and concluding that Estrada did in fact do what she said, Mandalay Bay inexplicatively rehired Estrada less than a month later on November 2, 2013.

32. By doing so, Mandalay Bay breached their duty under the law to provide an environment free of sexually harassment because among other things, once rehired, Estrada again worked in the same workplace as Plaintiff and Robello again had to endure to the seeing Estrada at work each day and fear that he might again violate her.

33. As a direct, foreseeable, and legal result of the sexual harassment set forth above, Plaintiff was forced to leave work early on October 1, 2013 and miss work altogether on the 2nd,

5

3rd and 4th of October, in addition to missing work on November 2nd when Estrada was rehired and thus has suffered loss of earnings in an amount to be proven at trial.

34. As a further direct, foreseeable, and legal result of the sexual harassment by Estrada and Mandalay Bay's failure to provide a work environment free of sexual harassment, Plaintiff has suffered crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, also to be proven at the time of trial.

35. In acting as they did, Mandalay Bay knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

36. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

37. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (Title VII of the Civil Rights Act of 1964 -

### Retaliation against Mandalay Bay)

38. Plaintiff Robello incorporates the allegation set forth in paragraphs 1 through 37, inclusive, as if fully set forth herein.

39. This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for retaliation which is governed by Title VII.

40. As set forth herein above, Plaintiff was retaliated against, for reporting Estrada's

1  conduct to Mandalay Bay. The retaliation has continued up to the present. On December 16,
2  2013 Robello filed a charge of discrimination with the EEOC which has further exacerbated the
3  retaliatory conduct of Mandalay Bay and its employees.

4      41.    These action taken by Defendant Mandalay Bay against Plaintiff as discussed
5  above were as a direct result and in direct retaliation of Robello reporting the conduct of Estrada to
6  Mandalay Bay and filing the EEOC charge.

7      42.    The retaliation Plaintiff experienced as set forth above were "adverse employment
8  actions" under Title VII and represented retaliation, as Mandalay Bay's actions were motivated by
9  Robello reporting the conduct of Estrada to Mandalay Bay and filing the EEOC charge.

10      43.    As a direct, foreseeable, and legal result of Mandalay Bay's retaliation, Plaintiff has
11  suffered crying attacks, embarrassment, being unable to sleep, indignity, mental anguish,
12  humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression,
13  inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not
14  fully known at this time, for which she seeks damages in an amount in excess of the minimum
15  jurisdictional limits of the court, to be proven at the time of trial.

16      44.    In acting as they did, Defendant Mandalay Bay knowingly, willfully, and
17  intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has
18  subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in
19  favor of Plaintiff, in a sum according to proof at trial.

20      45.    Plaintiff claims the damages alleged herein, together with prejudgment interest as
21  provided by law, in a sum according to proof at trial.

22      46.    Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of
23  her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to
24  proof at trial.

///
///

## THIRD CAUSE OF ACTION

### (Assault and Battery - against Estrada)

47. Plaintiff Robello incorporates the allegation set forth in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48. Defendant Estrada's actions as set forth above caused both an apprehension of an un-consensual and unlawful touching and were in fact an un-consensual and unlawful touching, and thus constitute both assault and battery under Nevada Law.

49. These actions by Estrada caused severe emotional distress to Plaintiff including but not limited to, crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, humiliation, nervousness, tension, anxiety, recurring nightmares and depression, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, to be proven at the time of trial.

50. In acting as he did, Defendant Estrada knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Estrada's conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

51. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

52. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress - against Estrada)

53. Plaintiff Robello incorporates the allegation set forth in paragraphs 1 through 52, inclusive, as if fully set forth herein.

54. Defendant Estrada's actions as set forth above constitutes extreme and outrageous conduct which was intended to cause severe emotional distress to Plaintiff.

55. Estrada's actions did in fact cause severe emotional distress to Plaintiff, including but not limited to, crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, humiliation, nervousness, tension, anxiety, recurring nightmares and depression, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

56. In acting as he did, Defendant Estrada knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Estrada's conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

57. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

58. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robello demands judgment against Defendants Mandalay Bay and Estrada as follows:

Against Mandalay Bay:

1. For economic losses in the form of loss earnings according to proof at time of trial;

2. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

3. For punitive damages;

    4. For attorney's fees and costs in an amount determined by the court to be reasonable, pursuant to *42 USC §2000e-5(k)*;

    5. For pre-judgment interest on all damages; and

    6. For any other and further relief that the court considers proper.

<u>Against Estrada</u>:

    7. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life, all to Plaintiff's damage in a sum to be shown at the time of trial;

    8. For punitive damages;

    9. For attorney's fees and costs in an amount determined by the court to be reasonable;

    10. For pre-judgment interest on all damages; and

    11. For any other and further relief that the Court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 3/26/2014

LAW OFFICES OF MICHAEL P. BALABAN

BY: _____
Michael P. Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141

# EXHIBIT A

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Debra L. Robello
9141 Intriguing Ave.
Las Vegas, NV 89149

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite-8112
Las Vegas, NV 89101

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2014-00120 | Jake B. DeMarco, Investigator | (702) 388-5057 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Amy Burkholder,
Local Office Director

DEC 27 2013
(Date Mailed)

Enclosures(s)

cc: Nathan T.H. Lloyd, Esq.
General Counsel – Labor / Employment
**MANDALAY CORP. D/B/A MANDALAY BAY RESORT & CASINO**
4886 Frank Sinatra Rd.
Las Vegas, NV 89158