Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
Erica J. Kelly, Bar No. 12238
erica.kelly@jacksonlewis.com
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*
*Mandalay Corp.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA L. ROBELLO,<br><br>Plaintiff,<br><br>v.<br><br>MANDALAY CORP. dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; MANDALAY RESORT GROUP dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; MGM RESORTS INTERNATIONAL dba MANDALAY BAY RESORT & CASINO, a Delaware Corporation; JESSE ESTRADA, an individual,<br><br>Defendants. | Case No.: 2:14-cv-00456-APG-VCF<br><br>**MANDALAY CORP. dba MANDALAY BAY RESORT & CASINO'S ANSWER TO COMPLAINT** |

Defendant Mandalay Corp. dba Mandalay Bay Resort & Casino ("Defendant"), by and through its counsel, Jackson Lewis P.C., answers the Complaint of Plaintiff Debra Robello as follows:

1. Defendant admits that Paragraph 1 of Plaintiff's Complaint seeks to establish jurisdiction in this Court by identifying claims under federal statues, but Defendant denies any and all wrongdoing under these statutes and on that basis Defendant denies all allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a Nevada Corporation that employs more than fifteen employees and is subject to certain provisions of Title VII. Defendant denies all remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that Paragraph 3 and 4 of Plaintiff's Complaint seeks to establish jurisdiction in this Court by identifying claims under various federal and Nevada state statues, but Defendant denies any and all wrongdoing under these statutes and on that basis Defendant denies all allegations contained in Paragraphs 3 and 4 of Plaintiff's Complaint.

4. Answering Paragraph 5 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information regarding Plaintiff's residence and on that basis denies the same.

5. Answering Paragraph 6 of Plaintiff's Complaint, Defendant admits that it employed Plaintiff. The remaining allegations in Paragraph 6 of Plaintiff's Complaint are vague and overbroad and therefore can be neither specifically admitted nor denied and on that basis Defendant denies the same.

6. Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint.

7. Defendant is without sufficient knowledge or information regarding the allegations contained in Paragraph 8 of Plaintiff's Complaint and on that basis denies the same.

8. Answering Paragraph 9 of Plaintiff's Complaint, Defendant admits that Exhibit A to Plaintiff's Complaint is a right to sue letter issued to Mandalay Corp. dba Mandalay Bay Resort and Casino showing a date stamp of December 27, 2013. Defendant further admits that Plaintiff filed a charge of discrimination with the EEOC. Except as expressly admitted herein, all allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

9. Defendant admits the allegations in Paragraph 10 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 12 of Plaintiff's Complaint, and on that basis denies the same.

12. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

13. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

14. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of Plaintiff's Complaint, and on that basis denies the same.

15. Answering Paragraph 16 of Plaintiff's Complaint, Defendant admits that Plaintiff made a related report to the food captain and Plaintiff made a related report to the beverage supervisor, as advised. Defendant denies all remaining allegations in Paragraph 16 of Plaintiff's Complaint.

16. Answering Paragraph 17 of Plaintiff's Complaint, Defendant admits Plaintiff was directed to write a statement, which she did, and her interaction with Estrada was captured on hotel surveillance. Defendant denies all remaining allegations in Paragraph 17 of Plaintiff's Complaint.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18 of Plaintiff's Complaint, and on that basis denies the same.

18. Answering Paragraph 19 of Plaintiff's Complaint, Defendant admits Estrada was suspended pending investigation and thereafter was terminated. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 of Plaintiff's Complaint, and on that basis denies the same.

19. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 20, 21, and 22 of Plaintiff's Complaint, and on that basis denies the same.

20. Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits Estrada was reinstated to his previous position. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of Plaintiff's Complaint, and on that basis denies the same.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24 of Plaintiff's Complaint, and on that basis denies the same.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25 of Plaintiff's Complaint, and on that basis denies the same.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of Plaintiff's Complaint, and, therefore, denies them on that basis.

24. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

25. Answering Paragraph 28 of Plaintiff's Complaint, Defendant repeats and realleges each and every response contained in Paragraphs 1 through 27, and incorporates the same as though fully set forth herein.

26. Paragraph 29 of Plaintiff's Complaint contains a statement of law to which neither an admission nor denial is required. Defendant nevertheless denies any wrongdoing under Title VII as alleged in Plaintiff's Complaint.

27. Defendant denies Paragraphs 30, 31, 32, 33, 34, 35, 36, and 37 of Plaintiff's Complaint.

28. Answering Paragraph 38 of Plaintiff's Complaint, Defendant repeats and realleges each and every response contained in Paragraphs 1 through 37, and incorporates the same as though fully set forth herein.

29. Answering Paragraph 39 of Plaintiff's Complaint, Plaintiff asserts a conclusion of law requiring neither an admission nor a denial. To the extent the Court or Plaintiff deem otherwise, Defendant denies the allegation therein.

30. Defendant denies Paragraphs 40, 41, 42, 43, 44, 45, and 46 of Plaintiff's Complaint.

31. Paragraphs 47 through 58 are not directed towards Defendant. Accordingly, no response to these Paragraphs is necessary. To the extent the Court or Plaintiff deem otherwise, Defendant denies the allegation therein.

32. In responding to Plaintiff's Prayer for Relief, Defendant asserts that Plaintiff is not entitled to any of the requested general and compensatory monetary damages in any amount, to any of the requested punitive damages in any amount, to attorney's fees or costs of suit, or any other kind of relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant asserts the following defenses:

1. Plaintiff's Complaint fails to state claims upon which relief may be granted.

2. To the extent applicable, one or more of Plaintiff's claims was not brought within the statute of limitations.

3. To the extent applicable, Plaintiff's claims are barred by virtue of the doctrines of waiver, laches, estoppel, and unclean hands.

4. To the extent applicable, one or more of Plaintiff's claims are barred due to her failure to exhaust administrative remedies.

5. Plaintiff's Complaint, and each and every claim alleged therein, is barred in that Defendant's actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

6. Defendant alleges it exercised reasonable care to prevent and promptly correct any harassing and/or retaliatory behavior and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

7. Defendant alleges that if the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant under theories of respondeat superior or vicarious liability.

8. To the extent applicable, Plaintiff suffered no damages as a result of any unlawful action or inaction by Defendant.

9. To the extent applicable, the damages sustained by Plaintiff, if any, were caused by her own acts and/or omissions and not those of Defendant.

10. To the extent applicable, Plaintiff has failed to mitigate her damages, and to the extent of such failure, any damages awarded to Plaintiff should be reduced accordingly.

11. Plaintiff has failed to allege facts sufficient to justify an award of punitive damages or attorney's fees.

12. Defendant asserts that punitive damages constitute excessive fines prohibited by the United States and Nevada Constitutions. The relevant statutes do not provide adequate

standards or safeguards for their application and are void for vagueness under the due process clause of the Fourteenth Amendment of the United States Constitution and in accordance with Article 1, Section 8 of the Nevada Constitution.

13. Plaintiff's claims are barred because any alleged acts committed by Defendant were done for legitimate, non-discriminatory business causes and reasons.

14. To the extent applicable, Defendant did not participate in, approve or ratify the alleged acts or omissions, if any, of Estrada or any unnamed or unspecified individuals referenced in Plaintiff's Complaint.

15. Plaintiff's Complaint and claims are barred in whole or in part by the doctrines of comparative negligence and/or contributory negligence.

16. To the extent applicable, Plaintiff's claims for damages are barred in whole or in part because they result from occupational injury and/or disease and therefore, are preempted by the Nevada Industrial Insurance Act.

17. Defendant is informed and believes that the facts to be developed through discovery in this action may reveal additional affirmative defenses. Therefore, Defendant reserves the right to amend its Answer to include any additional affirmative defenses later found to be applicable.

WHEREFORE, Defendant Mandalay Corp. dba Mandalay Bay Resort & Casino prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by virtue of her Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff;

3. That Defendant be awarded attorneys' fees and costs; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of April, 2014.

                JACKSON LEWIS P.C.

                /s/ Elayna J. Youchah
                Elayna J. Youchah, Bar No. 5837
                Erica J. Kelly, Bar No. 12238
                3800 Howard Hughes Parkway, Suite 600
                Las Vegas, Nevada 89169

                *Attorneys for Defendant*
                *Mandalay Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis P.C. and that on this 21st day of April, 2014, I caused to be served via ECF filing a true copy of **MANDALAY CORP. dba MANDALAY BAY RESORT & CASINO'S ANSWER TO COMPLAINT** to:

Michael P. Balaban, Bar No. 9370
Law Offices of Michael P. Balaban
10726 Del Rudini Street
Las Vegas, Nevada 89141

*Attorney for Plaintiff Debra L. Robello*

　　　　　　　　　　　　　　　　　　　　　　　/s/ Emily Santiago
　　　　　　　　　　　　　　　　　　　　　　Employee of Jackson Lewis P.C.

JACKSON LEWIS P.C.
LAS VEGAS

-9-