1  Elayna J. Youchah, Bar No. 5837
   youchahe@jacksonlewis.com
2  Erica J. Kelly, Bar No. 12238
   erica.kelly@jacksonlewis.com
3  **JACKSON LEWIS P.C.**
   3800 Howard Hughes Parkway
4  Suite 600
   Las Vegas, Nevada 89169
5  Tel: (702) 921-2460
   Fax: (702) 921-2461
6

7  *Attorneys for Defendants*
   *MGM Resorts International and*
8  *Mandalay Resort Group*

9

10              **UNITED STATES DISTRICT COURT**

11                    **DISTRICT OF NEVADA**

12  DEBRA L. ROBELLO,
                                              Case No.: 2:14-cv-00456-APG-VCF
13            Plaintiff,

14      v.

15                                            **MGM RESORTS INTERNATIONAL**
   MANDALAY CORP. dba MANDALAY BAY           **AND MANDALAY RESORT GROUP'S**
16  RESORT & CASINO, a Nevada Corporation;   **MOTION TO DISMISS PLAINTIFF'S**
   MANDALAY RESORT GROUP dba                 **COMPLAINT WITH PREJUDICE**
17  MANDALAY BAY RESORT & CASINO, a
   Nevada Corporation; MGM RESORTS
18  INTERNATIONAL dba MANDALAY BAY
   RESORT & CASINO, a Delaware Corporation;
19  JESSE ESTRADA, an individual,
20
              Defendants.
21

22      Defendants MGM Resorts International ("MGM Resorts"), erroneously sued as MGM

23  Resorts International dba Mandalay Bay Resort & Casino, and Mandalay Resort Group ("MRG"),

24  erroneously sued as Mandalay Resort Group dba Mandalay Bay Resort & Casino (MGM Resorts

25  and MRG are collectively referred to herein as "Moving Defendants"), move to dismiss Plaintiff

26  Debra L. Robello's Complaint.  Neither MGM Resorts nor MRG ever did business as Mandalay

27  Bay Resort & Casino.  And these parent entities are not liable for alleged wrongdoing of their

28

subsidiary.  Moreover, Plaintiff failed to exhaust administrative remedies against these Moving

Defendants.  For each and all of these reasons, Plaintiff's Complaint against the Moving

Defendants should be dismissed.

This Motion is made and based on Federal Rule of Civil Procedure, the attached

Memorandum of Points and Authorities, the exhibits and declarations attached hereto, all

pleadings and documents on file with the Court, and any oral argument this Court deems

appropriate.

Dated this 21st day of April, 2014.

JACKSON LEWIS P.C.


_/s/ Elayna J. Youchah_
Elayna J. Youchah, Bar No. 5837
Erica J. Kelly, Bar No. 12238
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendants*
*MGM Resorts International and*
*Mandalay Resort Group*


**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF FACTS**

Plaintiff Debra L. Robello ("Plaintiff") filed her Complaint on March 26, 2014 asserting

four Causes of Action only two of which are asserted against the business entity defendants.

Specifically, a review of Plaintiff's Complaint shows that her First Cause of Action, labeled

Hostile Environment Sexual Harassment in violation of Title VII, identifies Mandalay Bay in

Paragraphs 31, 32, and 34 as an alleged wrongdoer.  Plaintiff's Complaint at ¶¶ 31, 32, 34.[1]

Plaintiff's Second Cause of Action is labeled Title VII of the Civil Rights Act of 1964 –

---

[1]    A copy of Plaintiff's Complaint is attached hereto for the Court's convenience as Exhibit 1.

Retaliation against Mandalay Bay. *Id.* at 6:21-23. In turn, Mandalay Bay is defined in Plaintiff's Complaint as including Mandalay Corp., MRG, and MGM Resorts International, the last two of which are identified as doing business as Mandalay Bay Resort and Casino. *Id.* ¶ 2.[2]

In Paragraph 6 of Plaintiff's Complaint, she alleges that "[a]t all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant Mandalay Bay." *Id.* In Paragraph 9 of Plaintiff's Complaint, she asserts that she timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), and that a right to sue letter was issued by the EEOC on December 27, 2013. Plaintiff attached a copy of the right to sue letter to her Complaint as Exhibit A. That Exhibit shows a copy of the right to sue was mailed to Mandalay Corp. d/b/a Mandalay Bay Resort & Casino. Plainly missing from Exhibit A is notice that the right to sue went to either MGM Resorts or MRG. This is because Plaintiff's Charge was filed only against Mandalay Corp. *See* Exhibit 2 attached hereto.[3] Thus, there was no Charge and no exhaustion of administrative remedies, against the Moving Defendants.

Clark County governmental records show that the only entity doing business as Mandalay Bay Resort & Casino in Clark County, Nevada, is Mandalay Corp., also a named defendant in this action. Exhibits 3 and 4 (Records of Fictitious Filing, identifying Mandalay Corp. as the only entity doing business as Mandalay Bay Resort & Casino since 2009). Further, public record shows that MGM Resorts is the parent entity that wholly owns MRG. *See* March 3, 2014 MGM Resorts' SEC 10-K Filing ("SEC Filing"), Exhibit 21, at 2, attached hereto in relevant part as

---

[2]   In contrast to these two causes of action, Plaintiff's Third and Fourth Causes of Action are expressly brought against the individually named defendant Jesse Estrada. *Id.* at 8:1-9:18.

[3]   A court may consider documents attached to a complaint, incorporated by reference or necessarily relied upon by the plaintiff without converting a motion to dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Exhibit 5.[4]   This same filing shows that MRG is the intermediary holding parent company, wholly owning Mandalay Corp. dba Mandalay Bay Resort & Casino.  *Id.*   MRG and MGM Resorts are distinct, albeit related business entities.  *Id.*

## II.   **ARGUMENT**

### A.   **MGM Resorts And MRG Do Not Do Business As Mandalay Bay Resort And Casino And, Therefore, Are Not Proper Defendants In This Case.**

Plaintiff brings her action against two defendants that do not exist.  Specifically, the caption and Paragraph 2 of Plaintiff's Complaint identifies Mandalay Bay Resort Group dba Mandalay Bay Resort & Casino, and MGM Resorts International dba Mandalay Bay Resort & Casino.  However, only Mandalay Corp. does business as Mandalay Bay Resort & Casino in Clark County, Nevada.  Exhibits 3 and 4.[5]   Said succinctly, Mandalay Bay Resort & Casino, Plaintiff's admitted employer, is a dba of Mandalay Corp. and no other entity.  *Id.*

As the parent entities of Mandalay Corp., Plaintiff's employer, neither MGM Resorts nor MRG, are liable for the alleged wrong doings of their subsidiaries.  *EEOC v. Con-Way, Inc.*, No. CV 06-1337-MO, 2007 U.S. Dist. LEXIS 66727, *4 (D. Or. Sept. 4, 2007) (internal citations

---

[4]   Moving Defendants request that this Court take judicial notice of the contents of the MGM Resorts International SEC filings.  "A district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable and accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned.'" *Kramer v. Time Warner, Inc.* 937 F.2d 767, 774 (2nd Cir. 1991)(citation omitted); *see also, Silicon Graphics*, 970 F. Supp. at 758-59 (granting defendants' request for judicial notice of SEC filings in connection with motion to dismiss); *Newport Components, Inc. v. NEC Home Elecs., Inc.*, 671 F. Supp. 1525, 1539 n.16 (C.D. Cal. 1987) (taking judicial notice of annual report on Form 20-9 filed by defendant with the SEC in ruling on defendants' motion to dismiss).

[5]   NRS 602.010 requires an entity or person to report any fictitious business name under which the entity or person owns an interest or is operating with the County Clerk.  Here, Mandalay Corp. does business under the fictitious name Mandalay Bay Resort & Casino, which is registered, and has been registered with Clark County since at least 2009.  Exhibits 3 and 4.  Moving Defendants ask the Court to take judicial notice that Mandalay Corp. is the only business doing business as Mandalay Bay Resort & Casino since 2009.  Fed. R. Evid. 201(b).  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992,998-99 (9th Cir. 2010) (taking judicial notice of official information posted on a governmental website, the accuracy of which was undisputed).

omitted) ("[b]usinesses are allowed to incorporate and thereby isolate liabilities among separate entities... This concept of limited liability creates a strong presumption that a parent or affiliated company is not liable for employment violations of its subsidiary or affiliate"). Indeed, Plaintiff is only entitled to the protections of Title VII if she was and/or is an MGM Resorts employee or MRG employee. *Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 944 (9th Cir. 2010).

Given the undisputed facts that (1) neither MGM Resorts nor MRG ever did business as Mandalay Bay Resort & Casino, (2) MGM Resorts and MRG are only the ultimate parent and holding company related to Mandalay Corp., (3) Plaintiff's Charge was filed only against Mandalay Corp., which is the only name entity that did do business as Mandalay Bay Resort & Casino, and (4) Plaintiff was an employee of Mandalay Bay Resort & Casino, there is no legally cognizable basis for Plaintiff's Complaint against either of the Moving Defendants. *Murray*, 613 F.3d at 946; *see also Fox v. Sysco Corp.*, Case No. 2:11-cv-00424-RLH-PAL, 2011 U.S. Dist. LEXIS 134537, *4-6 (D. Nev. Nov. 21, 2011) (dismissing defendant because parent/subsidiary relationship is insufficient to establish liability under Title VII). For these reasons alone, the Moving Defendants should be dismissed from Plaintiff's Complaint.

**B.      Plaintiff Did Not Exhaust Her Administrative Remedies Against Moving Defendants.**

Even assuming, *arguendo*, that Plaintiff could establish she was an employee of MGM Resorts or MRG, which she cannot, the Court should dismiss Moving Defendants from the Complaint because Plaintiff did not exhaust her administrative remedies against either of these defendants.

While Title VII's provisions expressly grant district courts jurisdiction over claims brought under the statute (42 U.S.C. § 2000e-5(f)), a party must first exhaust his/her administrative remedies before such a claim may be heard by a federal court. That is, exhaustion of administrative remedies in a Title VII case is a condition precedent to filing suit in federal

1    court. *Martinez v. Victoria Partners*, Case No. 2:12-cv-502-JAD-VCF, 2014 U.S. Dist. LEXIS

2    41043, *11-12 (D. Nev. March 27, 2014); *Stache v. International Union of Bricklayers*, 852 F.2d

3    1231, 1233 (9th Cir. 1988); *see also Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir.

4    2001) ("[a] number of our circuit cases have also held that the administrative exhaustion

5    requirements under Title VII are not jurisdictional but are conditions precedent to filing an action

6    which a defendant may waive or be estopped from asserting").

7

8        If a plaintiff has not exhausted her administrative remedies by filing a timely Charge with

9    the EEOC or the appropriate state agency, her claim fails as a matter of law. *Freeman v. Oakland*

10   *Unified School Dist.*, 291 F.3d 632, 636 (9th Cir. 2002); *B.K.B. v. Maui Police Dep't*, 276 F.3d

11   1091, 1099 (9th Cir. 2002) (same); *Eigeman v. Peppermill Casinos, Inc.*, Case No. 3:11-cv-219-

12   RCJ-RAM, 2011 U.S. Dist. LEXIS 102095, *6-7 (D. Nev. Sept. 9, 2011) (dismissing lawsuit

13   with prejudice because plaintiff failed to exhaust her administrative remedies).   The

14   administrative requirement serves the important purpose of giving the charged party notice of the

15   claim and narrowing the issues for prompt adjudication and decision. *B.K.B.*, 276 F.3d at 1099.

16   Thus, absent extraordinary circumstances, Title VII claimants "may only sue [parties] named in

17   the EEOC charge because only those [parties] named had an opportunity to respond to the

18   charges during the administrative proceedings." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir.

19   1990).

20

21       In this case, Plaintiff filed a Charge against Mandalay Corp. dba Mandalay Bay Resort &

22   Casino, the proper defendant in this case.  Exhibit 2.  No Charge was ever filed against the

23   Moving Defendants. *Id.*  Likewise, a right to sue letter was issued only as to Mandalay Corp.

24   Plaintiff's Exhibit A. Under these circumstances, it is clear that Plaintiff failed to timely exhaust

25   her administrative remedies as to the Moving Defendants.  As such, Plaintiff's claim must be

26   dismissed. *Freeman*, 291 F.3d at 636; *EEOC v. Pioneer Hotel, Inc.*, Case No. 2:11-cv-1588-

27

28

LRH-RJJ, 2012 U.S. Dist. LEXIS 63553, *8 (D. Nev. May 4, 2012) (dismissing parent company with prejudice because it "was not named in the charge of discrimination and charging party ... was not employed by [the parent] in any capacity.").

III.    **CONCLUSION**

For the reasons set forth above, MGM Resorts International and Mandalay Resort Group respectfully requests that they be dismissed from this matter in its entirety with prejudice.

Respectfully submitted this 21st day of April, 2014.

JACKSON LEWIS P.C.


_____/s/ Elayna J. Youchah_____
Elayna J. Youchah, Bar No. 5837
Erica J. Kelly, Bar No. 12238
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendants*
*MGM Resorts International and*
*Mandalay Resort Group*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Jackson Lewis P.C. and that on this 21st day of April, 2014, I caused to be served via ECF filing a true copy of **MGM RESORTS INTERNATIONAL AND MANDALAY RESORT GROUP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE** to:

Michael P. Balaban, Bar No. 9370
Law Offices of Michael P. Balaban
10726 Del Rudini Street
Las Vegas, Nevada 89141
Tel: (702) 586-2964

*Attorney for Plaintiff Debra L. Robello*

_____/s/ Emily Santiago_____
Employee of Jackson Lewis P.C.

# EXHIBIT 1

# EXHIBIT 1

Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA L. ROBELLO,                                              ) | CASE NO. |
| ) | |
| ) | COMPLAINT FOR DAMAGES AND OTHER |
| Plaintiff,                           ) | RELIEF BASED UPON: |
| ) | |
| vs.                                     ) | 1.  HOSTILE ENVIRONMENT SEXUAL |
| )       HARASSMENT |
| )  2.  RETALIATION |
| MANDALAY CORP. dba MANDALAY BAY )  3.  ASSAULT AND BATTERY |
| RESORT & CASINO, a Nevada Corporation; )  4.  INTENTIONAL INFLICTION OF |
| MANDALAY RESORT GROUP dba )       EMOTIONAL DISTRESS |
| MANDALAY BAY RESORT & CASINO, a ) | |
| Nevada Corporation; MGM RESORTS )  JURY DEMAND |
| INTERNATIONAL dba MANDALAY BAY ) | |
| RESORT & CASINO, a Delaware Corporation; ) | |
| JESSE ESTRADA, an individual,                ) | |
| ) | |
| Defendants.                      ) | |
| ) | |
| ) | |
| ) | |

Plaintiff DEBRA L. ROBELLO ("Plaintiff" or "Robello") alleges as follows:

**JURISDICTION AND VENUE**

1.      This action is brought pursuant to the provisions of Title VII of the Civil Rights Act

of 1964, *42 USC §2000e*, et seq. (hereinafter "Title VII") to obtain relief for Plaintiff Robello for

1

1   discriminating against her, harassing her and retaliating against her, on the basis of her sex

2   (female) in the terms, conditions or privileges of her employment.

3         2.     At all relevant times, Defendants MANDALAY CORP. dba MANDALAY BAY

4   RESORT & CASINO, a Nevada Corporation; MANDALAY RESORT GROUP, dba

5   MANDALAY BAY RESORT & CASINO, a Nevada Corporation; and MGM RESORTS

6   INTERNATIONAL dba MANDALAY BAY RESORT & CASINO, a Delaware Corporation

7   (hereinafter "Mandalay Bay" or "Defendant Mandalay Bay") employed more than fifteen (15)

8   employees, and they are therefore subject to the provisions of Title VII.

9

10        3.     Jurisdiction is predicated under these code sections as well as *28 USC §1331*, as

this action involves a federal question. The state law claims for assault and battery and intentional
11
infliction of emotional distress are predicated on the supplemental jurisdiction of the court
12
pursuant to *28 USC §1367(a)*.
13

14        4.     The events or omissions giving rise to Plaintiff's claim occurred in this judicial

15   district, thus venue is proper here pursuant to *28 USC §1391(b)(2)*, and the ends of justice so

16   require.

17                         **PARTIES**

18        5.     Plaintiff, Robello is a citizen of the United States and a resident of the State of

19   Nevada, County of Clark and City of Las Vegas.

20        6.     Plaintiff is informed and believes and thereon alleges that at all relevant times

21   giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant

22   Mandalay Bay.

23        7.     Mandalay Bay is an employer within the meaning of *42 USC §2000e(b)*.

24        8.     Plaintiff is informed and believes and thereon alleges that Estrada is a citizen of the

25   United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

26                 **EXHAUSTION OF REMEDIES**

27        9.     Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment

28   Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on

December 27, 2013, a copy of which is attached to complaint as Exhibit "A".

## STATEMENT OF FACTS

10.     On or around September 2001 Plaintiff was hired to work at Mandalay Bay as a banquet bartender and currently works at Mandalay Bay as a banquet bartender.

11.     During the time Plaintiff was employed by Mandalay Bay she was sexually harassed by her co-worker Jesse Estrada (hereinafter "Estrada" or "Defendant Estrada").

12.     Around 5:30 to 6:00 p.m. on Monday September 30, 2013 Robello was working at the South Seas banquet room "A" at the Mandalay Bay and as Plaintiff was taking six bottles of wine back to the beverage office she was approached by Defendant Estrada who put out his hands and said, "let me help you (ie. with the wine bottles)".

13.     Instead of taking the wines bottles from Plaintiff, Estrada grabbed her breasts with his hands and then started laughing.  This is not the first time that Estrada touched Robello without her consent.

14.     Robello then moved away from Estrada and at the same time pushed Estrada away with her shoulder (because her hands were full), so he would remove his hands from her breasts and as she did, he continued to laugh.  Estrada then took the wine bottles from Plaintiff.

15.     Robello was shocked and offended by Defendant Estrada's behavior.  Plaintiff felt like she had just been raped.

16.     Plaintiff immediately reported what happened to the food captain Kirk Kilpatrick who told Robello to report it to the beverage supervisor on duty, which she did.

17.     Robello was directed to write a statement on the incident by James Clare, which she did, which outlining what occurred.  In addition the incident was caught on hotel surveillance video.

18.     Robello believes that Defendant Estrada was also intoxicated from alcohol during the incident.

19.     On October 1, 2013 Estrada was suspending pending investigation and on October 8, 2013 Defendant Estrada was terminated.  Plaintiff was told by Clare that Estrada was

3

terminated because what Robello said in her written statement and what the surveillance video showed.

20.     Although Plaintiff tried to keep the incident strictly confidential, other employees almost immediately knew what had happened and this led to Robello having to leave work early on October 1, 2013 and missing work altogether on the 2nd, 3rd and 4th of October.

21.     Plaintiff believes that the confidentiality of the incident was compromised by other employees of Mandalay Bay which learned of the incident in confidence.

22.     This was a truly traumatic experience for Plaintiff and led to constant crying attacks, embarrassment, feeling violated, having nightmares about the incident and being unable to sleep, among other things.

23.     Then on November 2, 2013, to Plaintiff's shock and disbelief, and without her consent or any warning from Mandalay Bay, Defendant Estrada was hired back by Defendant Mandalay Bay and now works at the same workplace as Robello just like before.

24.     This has led to Plaintiff continuing to suffer extreme emotional distress, mental anguish and anxiety, among other things, knowing that every day she might see Defendant Estrada and he might again violate her. In fact, on the day Estrada returned Plaintiff was so distraught that she had to take the day off.

25.     This has led Plaintiff to seek ongoing help from a psychologist so she can cope on a day to day basis with the ongoing emotional distress and mental anguish she is experiencing from the original incident with Estrada and his continued presence at the workplace.

26.     Robello fears having to see Estrada daily, not knowing whether he will again get the urge to sexually assault her.

27.     Finally, after Plaintiff reported the sexual harassment, Robello began to experience retaliation from various staff members, including but not limited to:

a.     Other employees which Robello worked with started to act differently towards her and making her feel like she acted improperly even though it Estrada who acted wrongly;

b.     On October 21, 2013 Plaintiff received a written counseling notice for an

4

1   incident which happened on October 13, 2013 in which shop steward Darlene Cameron verbally

2   attacked Robello for something Plaintiff did not say or do;

3         c.   On October 14, 2013 James Clare walked up to Plaintiff in front of several

4   employees and told her that her shirt was not proper for work because it had a logo on it, even

5   though she had worn a logo on her shirt before and even though other employees regularly wore

6   logos on their shirts; and

7         d.   On February 28, 2014, Clare allowed another bartender to work the bar

8   Robello's was assigned even though she didn't agree with it, which violated a rule that the

9   bartenders in Plaintiff's department have that both bartenders have to agree with the change.

10   **FIRST CAUSE OF ACTION**

11   **(Hostile Environment Sexual Harassment in violation of Title VII)**

12   28.   Plaintiff Robello incorporates the allegations set forth in paragraphs 1 through 27,

13   inclusive, as if fully set forth herein.

14   29.   This cause of action is brought pursuant to Title VII as it involves a claim by

15   Plaintiff for "Hostile Environment" sexual harassment which is governed by Title VII.

16   30.   As previously set forth herein above, Plaintiff was sexually harassed on September

17   30, 2013 by Defendant Estrada when he grabbed her breasts with his hands, which created a

18   "Hostile Environment" in the workplace for Robello.

19   31.   Although Defendant Mandalay Bay did initially terminate Estrada on October 8,

20   2012 after investigating the incident and concluding that Estrada did in fact do what she said,

21   Mandalay Bay inexplicatively rehired Estrada less than a month later on November 2, 2013.

22   32.   By doing so, Mandalay Bay breached their duty under the law to provide an

23   environment free of sexually harassment because among other things, once rehired, Estrada again

24   worked in the same workplace as Plaintiff and Robello again had to endure to the seeing Estrada at

25   work each day and fear that he might again violate her.

26   33.   As a direct, foreseeable, and legal result of the sexual harassment set forth above,

27   Plaintiff was forced to leave work early on October 1, 2013 and miss work altogether on the 2nd,

5

3rd and 4th of October, in addition to missing work on November 2nd when Estrada was rehired and thus has suffered loss of earnings in an amount to be proven at trial.

34.     As a further direct, foreseeable, and legal result of the sexual harassment by Estrada and Mandalay Bay's failure to provide a work environment free of sexual harassment, Plaintiff has suffered crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, also to be proven at the time of trial.

35.     In acting as they did, Mandalay Bay knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

36.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

37.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (Title VII of the Civil Rights Act of 1964 -

### Retaliation against Mandalay Bay)

38.     Plaintiff Robello incorporates the allegation set forth in paragraphs 1 through 37, inclusive, as if fully set forth herein.

39.     This cause of action is brought pursuant to Title VII as it involves a claim by Plaintiff for retaliation which is governed by Title VII.

40.     As set forth herein above, Plaintiff was retaliated against, for reporting Estrada's

6

conduct to Mandalay Bay. The retaliation has continued up to the present. On December 16, 2013 Robello filed a charge of discrimination with the EEOC which has further exacerbated the retaliatory conduct of Mandalay Bay and its employees.

41.     These action taken by Defendant Mandalay Bay against Plaintiff as discussed above were as a direct result and in direct retaliation of Robello reporting the conduct of Estrada to Mandalay Bay and filing the EEOC charge.

42.     The retaliation Plaintiff experienced as set forth above were "adverse employment actions" under Title VII and represented retaliation, as Mandalay Bay's actions were motivated by Robello reporting the conduct of Estrada to Mandalay Bay and filing the EEOC charge.

43.     As a direct, foreseeable, and legal result of Mandalay Bay's retaliation, Plaintiff has suffered crying attacks, embarrassment, being unable to sleep, indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, to be proven at the time of trial.

44.     In acting as they did, Defendant Mandalay Bay knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

45.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

46.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

///

### THIRD CAUSE OF ACTION

### (Assault and Battery - against Estrada)

47.     Plaintiff Robello incorporates the allegation set forth in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48.     Defendant Estrada's actions as set forth above caused both an apprehension of an un-consensual and unlawful touching and were in fact an un-consensual and unlawful touching, and thus constitute both assault and battery under Nevada Law.

49.     These actions by Estrada caused severe emotional distress to Plaintiff including but not limited to, crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, humiliation, nervousness, tension, anxiety, recurring nightmares and depression, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the court, to be proven at the time of trial.

50.     In acting as he did, Defendant Estrada knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.   Estrada's conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

51.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

52.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress -

### against Estrada)

53.     Plaintiff Robello incorporates the allegation set forth in paragraphs 1 through 52, inclusive, as if fully set forth herein.

8

54.     Defendant Estrada's actions as set forth above constitutes extreme and outrageous conduct which was intended to cause severe emotional distress to Plaintiff.

55.     Estrada's actions did in fact cause severe emotional distress to Plaintiff, including but not limited to, crying attacks, embarrassment, feeling violated, having nightmares about the incident, being unable to sleep, indignity, humiliation, nervousness, tension, anxiety, recurring nightmares and depression, the extent of which is not fully known at this time, for which she seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

56.     In acting as he did, Defendant Estrada knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Estrada's conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

57.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

58.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Robello demands judgment against Defendants Mandalay Bay and Estrada as follows:

<u>Against Mandalay Bay:</u>

1.  For economic losses in the form of loss earnings according to proof at time of trial;

2.  For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

3.  For punitive damages;

4.   For attorney's fees and costs in an amount determined by the court to be reasonable, pursuant to *42 USC §2000e-5(k)*;

5.   For pre-judgment interest on all damages; and

6.   For any other and further relief that the court considers proper.

<u>Against Estrada</u>:

7.   For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life, all to Plaintiff's damage in a sum to be shown at the time of trial;

8.   For punitive damages;

9.   For attorney's fees and costs in an amount determined by the court to be reasonable;

10.  For pre-judgment interest on all damages; and

11.  For any other and further relief that the Court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 3/26/2014

LAW OFFICES OF MICHAEL P. BALABAN

BY: _____
Michael P. Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

# EXHIBIT

# A

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Debra L. Robello<br>9141 Intriguing Ave.<br>Las Vegas, NV 89149 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2014-00120 | Jake B. DeMarco,<br>Investigator | (702) 388-5057 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Amy Burkholder,
Local Office Director

DEC 2 7 2013

Enclosures(s)

*(Date Mailed)*

cc:    Nathan T.H. Lloyd, Esq.
General Counsel – Labor / Employment
MANDALAY CORP. D/B/A MANDALAY BAY RESORT
& CASINO
4886 Frank Sinatra Rd.
Las Vegas, NV 89158

# EXHIBIT 2

# EXHIBIT 2

EEOC Form 5 (11-09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2014-00120 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Debra L. Robello | (702) 981-3100 | ▬▬▬ |

| Street Address | City, State and ZIP Code |
|---|---|
| 9141 Intriguing Ave., Las Vegas, NV 89149 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MANDALAY CORP. D/B/A MANDALAY BAY RESORT & CASINO | 500 or More | (702) 632-7777 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3950 Las Vegas Blvd., South,  Las Vegas, NV 89119 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
                       09-30-2013

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In or around September 2001, I was hired by the Respondent as a Banquet Bartender. My current job title is Banquet Bartender.

In or around September 2013, I was subjected to an unwelcomed, objectionable, and offensive physical contact (i.e., grabbing breasts) by employee, Jesse Estrada. I informed Respondent (i.e., Beverage Manager, James Clare, Union, and Human Resources). Respondent investigated and discharged Mr. Estrada.

In or around November 2013, Respondent re-hired Mr. Estrada and has created a hostile work environment.

I believe that I was discriminated against due to my sex, female, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Dec 16, 2013<br>Date          *Debra L. Robello*<br>          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

RECEIVED
DEC 16 2013
LAS VEGAS LOCAL OFFICE

# EXHIBIT 3

# EXHIBIT 3

| | | |
|---|---|---|
| **Instrument #** | 20090309100039640 | |
| **Date Issued/Filed** | 3/9/2009 | **Time Issued/Filed**   3:44:18 PM |
| **Document Type** | FFN | **Remarks** |
| **Document Desc** | FFN CERTIFICATE | |
| | | **Pages File/ID#**   1 |

**Business Mailing Address**   3950 LAS VEGAS BLVD SOUTH LAS VEGAS NV 89119

Business Name

| Seq | Firm | Name |
|-----|------|------|
| 1 | Y | MANDALAY BAY RESORT & CASINO |

Owner Name

| Seq | Firm | Name |
|-----|------|------|
| 1 | Y | MANDALAY CORP. |

# EXHIBIT 4

# EXHIBIT 4

| Instrument # | 20140331100049780 | | |
|---|---|---|---|
| Date Issued/Filed | 3/31/2014 | Time Issued/Filed | 3:59:58 PM |
| Document Type | FFN | Remarks | |
| Document Desc | FFN CERTIFICATE | | |
| | | Pages File/ID# | 1 |

**Business Mailing Address**   3950 LAS VEGAS BLVD SOUTH LAS VEGAS NV 89119

Business Name

| Seq | Firm | Name |
|---|---|---|
| 1 | Y | MANDALAY BAY RESORT & CASINO |

Owner Name

| Seq | Firm | Name |
|---|---|---|
| 1 | Y | MANDALAY CORP. |

# EXHIBIT 5

# EXHIBIT 5

# Morningstar® Document Research℠

# FORM 10-K

## MGM Resorts International - MGM

**Filed: March 03, 2014 (period: December 31, 2013)**

Annual report with a comprehensive overview of the company

*The information contained herein may not be copied, adapted or distributed and is not warranted to be accurate, complete or timely. The user assumes all risks for any damages or losses arising from any use of this information, except to the extent such damages or losses cannot be limited or excluded by applicable law. Past financial performance is no guarantee of future results.*

## SIGNATURES

Pursuant to the requirements of Section 13 or 15(d) of the Securities Exchange Act of 1934, the Registrant has duly caused this report to be signed on its behalf by the undersigned, thereunto duly authorized.

**MGM Resorts International**

By:   /s/ JAMES J. MURREN

James J. Murren
Chairman of the Board and Chief Executive Officer
(Principal Executive Officer)

Dated: February 28, 2014

Pursuant to the requirements of the Securities Exchange Act of 1934, this report has been signed by the following persons on behalf of the Registrant and in the capacities and on the dates indicated.

| SIGNATURE | TITLE | DATE |
|---|---|---|
| /S/ JAMES J. MURREN<br><br>James J. Murren | Chairman of the Board and<br>Chief Executive Officer<br>(Principal Executive Officer) | February 28, 2014 |
| /S/ ROBERT H. BALDWIN<br><br>Robert H. Baldwin | Chief Design and Construction<br>Officer and Director | February 28, 2014 |
| /S/ DANIEL J. D'ARRIGO<br><br>Daniel J. D'Arrigo | Executive Vice President,<br>Chief Financial Officer and Treasurer<br>(Principal Financial Officer) | February 28, 2014 |
| /S/ ROBERT C. SELWOOD<br><br>Robert C. Selwood | Executive Vice President<br>and Chief Accounting Officer<br>(Principal Accounting Officer) | February 28, 2014 |
| /S/ WILLIAM A. BIBLE<br><br>William A. Bible | Director | February 28, 2014 |
| /S/ BURTON M. COHEN<br><br>Burton M. Cohen | Director | February 28, 2014 |
| /S/ WILLIE D. DAVIS<br><br>Willie D. Davis | Director | February 28, 2014 |
| /S/ MARY CHRIS GAY<br><br>Mary Chris Gay | Director | February 28, 2014 |
| /S/ WILLIAM W. GROUNDS<br><br>William W. Grounds | Director | February 28, 2014 |

138

Source: MGM Resorts International, 10-K, March 03, 2014

Powered by Morningstar® Document Research℠

The information contained herein may not be copied, adapted or distributed and is not warranted to be accurate, complete or timely. The user assumes all risks for any damages or losses arising from any use of this information, except to the extent such damages or losses cannot be limited or excluded by applicable law. Past financial performance is no guarantee of future results.

EXHIBIT 21

Subsidiaries of MGM Resorts International

| Subsidiary | Jurisdiction of Incorporation | Percentage Ownership (1) |
|---|---|---|
| Blue Tarp reDevelopment, LLC | Massachusetts | (1) |
| MGM Springfield reDevelopment, LLC | Massachusetts | 100% |
| Destron, Inc. | Nevada | 100% |
| MGM Grand (International), Pte Ltd. | Singapore | 100% |
| MGM Resorts International Marketing, Inc. | Nevada | 100% |
| MGM Resorts International Marketing, Ltd. | Hong Kong | 100% |
| Sanya Investments Ltd. | Hong Kong | 100% |
| M3 Nevada Insurance Company | Nevada | 100% |
| Mandalay Resort Group | Nevada | 100% |
| 550 Leasing Company I, LLC | Nevada | 100% |
| 550 Leasing Company II, LLC | Nevada | 100% |
| Circus Circus Casinos, Inc., dba Circus Circus Hotel and Casino-Las Vegas, dba Circus Circus Hotel, and dba Casino-Reno and Slots-A-Fun Casino | Nevada | 100% |
| Diamond Gold, Inc. | Nevada | 100% |
| Galleon, Inc. | Nevada | 100% |
| Mandalay Corp., dba Mandalay Bay Resort and Casino and TheHotel | Nevada | 100% |
| Mandalay Employment, LLC | Nevada | 100% |
| Mandalay Place | Nevada | 100% |
| MGM Resorts Festival Grounds, LLC | Nevada | 100% |
| MGM Resorts Mississippi, Inc., dba Gold Strike Casino Resort | Mississippi | 100% |
| M.S.E. Investments, Incorporated ("MSE") | Nevada | 100% |
| Jean Development Company, LLC, dba Gold Strike Hotel and Gambling Hall | Nevada | 100% |
| Jean Development North, LLC | Nevada | (2) |
| Jean Development West, LLC | Nevada | (3) |
| Jean Fuel Company West, LLC dba Nevada Landing Auto Plaza | Nevada | 100% |
| Nevada Landing Partnership | Illinois | (4) |
| Railroad Pass Investment Group, LLC, dba Railroad Pass Hotel and Casino | Nevada | 100% |
| Gold Strike Fuel Company, LLC dba Gold Strike Auto & Truck Plaza | Nevada | 100% |
| Gold Strike L.V. | Nevada | (5) |
| Victoria Partners, dba Monte Carlo Resort and Casino | Nevada | (6) |
| New Castle Corp., dba Excalibur Hotel and Casino | Nevada | 100% |
| Ramparts, Inc., dba Luxor Hotel and Casino | Nevada | 100% |
| Vintage Land Holdings, LLC | Nevada | 100% |
| Metropolitan Marketing, LLC | Nevada | 100% |
| MMNY Land Company, Inc. | New York | 100% |
| MGM Grand Detroit, Inc. | Delaware | 100% |
| MGM Grand Detroit, LLC, dba MGM Grand Detroit | Delaware | (7) |
| MGM Grand Hotel, LLC, dba MGM Grand Hotel & Casino | Nevada | 100% |
| Grand Laundry, Inc. | Nevada | 100% |
| MGM Grand Condominiums, LLC | Nevada | 100% |
| MGM Grand Condominiums II, LLC | Nevada | 100% |
| MGM Grand Condominiums III, LLC | Nevada | 100% |
| Tower B, LLC | Nevada | 100% |
| Tower C, LLC | Nevada | 100% |
| MGM Hospitality, LLC | Nevada | 100% |
| MGM Hospitality Holdings, LLC | Dubai | 100% |
| MGM Hospitality Development, LLC | Dubai | 100% |
| MGM Hospitality Development, LLC | Abu Dhabi | 100% |
| MGM MIRAGE Hospitality Management, LLC | Abu Dhabi | 100% |
| MGM Hospitality International Holdings, Ltd. | Isle of Man | 100% |
| MGM Resorts China Holdings Limited | Hong Kong | 100% |
| MGM (Beijing) Hospitality Services, Ltd. | Beijing | 100% |

Powered by Morningstar® Document Research℠
The information contained herein may not be copied, adapted or distributed and is not warranted to be accurate, complete or timely. The user assumes all risks for any damages or losses arising from any use of this information, except to the extent such damages or losses cannot be limited or excluded by applicable law. Past financial performance is no guarantee of future results.

| Subsidiary | Jurisdiction of Incorporation | Percentage Ownership |
|---|---|---|
| MGM Asia Pacific Holdings Limited | Hong Kong | 100% |
| MGM China Holiday (Hangzhou Bay) Holdings Limited | Hong Kong | 100% |
| MGM (HK) Cruise Investment Holdings Limited | Hong Kong | 100% |
| MGM Hospitality India Private, Ltd. | India | 100% |
| MGM International, LLC | Nevada | 100% |
| MGM Resorts International Holdings, Ltd. | Isle of Man | 100% |
| MGM China Holdings, Ltd. | Grand Cayman | (8) |
| MGM Macau, Ltd. | Isle of Man | 100% |
| MGM Resorts Club Holdings, Ltd. | Hong Kong | 100% |
| MGM Resorts Macau, Ltd. | Isle of Man | 100% |
| MGM Resorts International Holdings II, Ltd. | Isle of Man | 100% |
| MGM National Harbor, LLC | Nevada | 100% |
| MGM Resorts Advertising, Inc. | Nevada | 100% |
| VidiAd | Nevada | 100% |
| MGM Resorts Aircraft Holdings, LLC | Nevada | 100% |
| MGM Resorts Arena Holdings, LLC | Nevada | 100% |
| MGM Resorts Development, LLC | Nevada | 100% |
| MGM Resorts International Global Gaming Development, LLC | Nevada | 100% |
| MGM Resorts International Operations, Inc. | Nevada | 100% |
| MGM Resorts Land Holdings, LLC | Nevada | 100% |
| MGM Resorts Macao, LLC | Nevada | 100% |
| MGM Grand (Macao) Limited | Macau | 100% |
| MGM Resorts Limited, LLC | Nevada | 100% |
| Inspired, LLC | Maryland | 100% |
| MGM Resorts Tier 1 Sub B, LLC | Nevada | 100% |
| MGM Resorts Management and Technical Services, LLC | Nevada | 100% |
| MGM Resorts Online, LLC | Nevada | 100% |
| MGM Resorts Retail | Nevada | 100% |
| OE Pub, LLC | Nevada | 100% |
| MGM Springfield, LLC | Massachusetts | 100% |
| MGMM Insurance Company | Nevada (insurance) | 100% |
| Mirage Resorts, Incorporated | Nevada | 100% |
| AC Holding Corp. | Nevada | 100% |
| AC Holding Corp. II | Nevada | 100% |
| Beau Rivage Resorts, Inc., dba Beau Rivage | Mississippi | 100% |
| Bellagio, LLC, dba Bellagio | Nevada | 100% |
| Bella Lounge, LLC | Nevada | (9) |
| Bungalow, Inc. | Mississippi | 100% |
| LV Concrete Corp. | Nevada | 100% |
| MAC, CORP. | New Jersey | 100% |
| MGM Resorts Aviation Corp. | Nevada | 100% |
| MGM Resorts Corporate Services | Nevada | 100% |
| MGM Resorts International Design | Nevada | 100% |
| MGM Resorts Manufacturing Corp. | Nevada | 100% |
| MH, Inc., dba Shadow Creek | Nevada | 100% |
| M.I.R. Travel | Nevada | 100% |
| The Mirage Casino-Hotel, dba The Mirage | Nevada | 100% |
| Mirage Laundry Services Corp. | Nevada | 100% |
| Mirage Leasing Corp. | Nevada | 100% |
| 350 Leasing Company I, LLC | Nevada | 100% |
| 350 Leasing Company II, LLC | Nevada | 100% |
| 450 Leasing Company I, LLC | Nevada | 100% |
| MRGS, LLC | Nevada | 100% |
| Arena Land Holdings, LLC | Nevada | 100% |
| Park District Holdings, LLC | Nevada | 100% |
| Project CC, LLC | Nevada | 100% |
| Aria Resort & Casino, LLC | Nevada | 100% |
| CityCenter Facilities Management, LLC | Nevada | 100% |
| CityCenter Realty Corporation | Nevada | 100% |
| The Crystals at CityCenter Management, LLC | Nevada | 100% |
| Vdara Condo Hotel, LLC | Nevada | 100% |
| New PRMA Las Vegas, Inc. | Nevada | 100% |
| New York-New York Hotel & Casino, LLC, dba New York-New York Hotel & | | |

Source: MGM Resorts International, 10-K, March 03, 2014

Powered by Morningstar® Document Research℠

The information contained herein may not be copied, adapted or distributed and is not warranted to be accurate, complete or timely. The user assumes all risks for any damages or losses arising from any use of this information, except to the extent such damages or losses cannot be limited or excluded by applicable law. Past financial performance is no guarantee of future results.