Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@semenzalaw.com
Christopher D. Kircher, Esq., Bar No. 11176
Email: cdk@semenzalaw.com
LAWRENCE J. SEMENZA, III, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile:  (702) 920-8669

*Attorneys for Defendant Jesse Estrada*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA L. ROBELLO,<br><br>Plaintiff,<br><br>vs.<br><br>MANDALAY CORP. dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; MANDALAY RESORT GROUP dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; MGM RESORTS INTERNATIONAL dba MANDALAY BAY RESORT & CASINO, a Delaware Corporation; JESSE ESTRADA, an individual,<br><br>Defendants. | Case No.: 2:14-cv-00456-APG-VCF<br><br>**DEFENDANT JESSE ESTRADA'S ANSWER TO COMPLAINT** |

Defendant Jesse Estrada ("Estrada"), by and through his counsel of record, hereby responds to Plaintiff Debra L. Robello's ("Plaintiff") Complaint ("Complaint") as follows:

## **JURISDICTION AND VENUE**

1. Estrada is not required to respond to the allegations contained in Paragraph 1. To the extent any response is required, the allegations are denied.

2. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies them on that basis.

3. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies them on that basis.

4. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies them on that basis.

**PARTIES**

5. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies them on that basis.

6. Estrada, upon information and belief, admits the allegations contained in Paragraph 6.

7. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies them on that basis.

8. Estrada admits the allegations contained in Paragraph 8.

**EXHAUSTION OF REMEDIES**

9. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies them on that basis.

**STATEMENT OF FACTS**

10. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies them on that basis.

11. Estrada denies the allegations contained in Paragraph 11.

12. Estrada denies the allegations contained in Paragraph 12.

13. Estrada denies the allegations contained in Paragraph 13.

14. Estrada denies the allegations contained in Paragraph 14.

15. Estrada denies the allegations contained in Paragraph 15.

16. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies them on that basis.

17. Estrada admits the allegations contained in Paragraph 17 in so far as the alleged event was captured on surveillance video. With regard to the remaining allegations of Paragraph

LAWRENCE J. SEMENZA, III, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

17, Estrada is presently without sufficient information to form a belief as to the truth of such allegations and therefore denies them on that basis.

18. Estrada denies the allegations contained in Paragraph 18.

19. Estrada admits the allegations contained in Paragraph 19 in so far as he was suspended and thereafter terminated by his employer. With regard to the remaining allegations of Paragraph 19, Estrada is presently without sufficient information to form a belief as to the truth of such allegations and therefore denies them on that basis.

20. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them on that basis.

21. Estrada is presently without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies them on that basis.

22. Estrada denies the allegations contained in Paragraph 22.

23. Estrada admits the allegations contained in Paragraph 23 in so far as he was reinstated by his employer. With regard to the remaining allegations of Paragraph 23, Estrada is presently without sufficient information to form a belief as to the truth of such allegations and therefore denies them on that basis.

24. Estrada denies the allegations contained in Paragraph 24.

25. Estrada denies the allegations contained in Paragraph 25.

26. Estrada denies the allegations contained in Paragraph 26.

27. Estrada denies the allegations contained in Paragraph 27.

## FIRST CAUSE OF ACTION

**(Hostile Environment Sexual Harassment in violation of Title VII)**

28. Estrada hereby incorporates by reference his forgoing responses to Paragraphs 1 through 27 of Plaintiff's Complaint.

29. Estrada is not required to respond to the allegations contained in Paragraph 29. To the extent any response is required, the allegations are denied.

30. Estrada denies the allegations contained in Paragraph 30.

31. Estrada denies the allegations contained in Paragraph 31.

32. Estrada denies the allegations contained in Paragraph 32.

33. Estrada denies the allegations contained in Paragraph 33.

34. Estrada denies the allegations contained in Paragraph 34.

35. Estrada denies the allegations contained in Paragraph 35.

36. Estrada denies the allegations contained in Paragraph 36.

37. Estrada denies the allegations contained in Paragraph 37.

## SECOND CAUSE OF ACTION

**(Title VII of the Civil Rights Act of 1964 - Retaliation against Mandalay Bay)**

38. Estrada hereby incorporates by reference his forgoing responses to Paragraphs 1 through 37 of Plaintiff's Complaint.

39. Estrada is not required to respond to the allegations contained in Paragraph 39. To the extent any response is required, the allegations are denied.

40. Estrada is not required to respond to the allegations contained in Paragraph 40. To the extent any response is required, the allegations are denied.

41. Estrada is not required to respond to the allegations contained in Paragraph 41. To the extent any response is required, the allegations are denied.

42. Estrada is not required to respond to the allegations contained in Paragraph 42. To the extent any response is required, the allegations are denied.

43. Estrada is not required to respond to the allegations contained in Paragraph 43. To the extent any response is required, the allegations are denied.

44. Estrada is not required to respond to the allegations contained in Paragraph 44. To the extent any response is required, the allegations are denied.

45. Estrada is not required to respond to the allegations contained in Paragraph 45. To the extent any response is required, the allegations are denied.

46. Estrada is not required to respond to the allegations contained in Paragraph 46. To the extent any response is required, the allegations are denied.

///

///

### THIRD CAUSE OF ACTION

**(Assault and Battery - against Estrada)**

47. Estrada hereby incorporates by reference his forgoing responses to Paragraphs 1 through 46 of Plaintiff's Complaint.

48. Estrada denies the allegations contained in Paragraph 48.

49. Estrada denies the allegations contained in Paragraph 49.

50. Estrada denies the allegations contained in Paragraph 50.

51. Estrada denies the allegations contained in Paragraph 51.

52. Estrada denies the allegations contained in Paragraph 52.

### FOURTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress - against Estrada)**

53. Estrada hereby incorporates by reference his forgoing responses to Paragraphs 1 through 52 of Plaintiff's Complaint.

54. Estrada denies the allegations contained in Paragraph 54.

55. Estrada denies the allegations contained in Paragraph 55.

56. Estrada denies the allegations contained in Paragraph 56.

57. Estrada denies the allegations contained in Paragraph 57.

58. Estrada denies the allegations contained in Paragraph 58.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims were not brought within the applicable statutes of limitations.

3. Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver and unclean hands.

4. Plaintiff failed to exhaust her administrative remedies.

5. Plaintiff's claimed damages were caused in whole or in part by her own actions and/or the actions of third-parties, over which Estrada has no control.

6. Plaintiff has suffered no damages.

7. Plaintiff has failed to mitigate her claimed damages.

5

8. Plaintiff is not entitled to, nor has she appropriately alleged a claim for, punitive damages.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of comparative negligence and/or contributory negligence.

10. This action is groundless, and accordingly, Estrada is entitled to attorney's fees and other costs associated with the defense of this action.

11. Estrada reserves the right to assert further affirmative defenses as they become apparent through discovery or investigation.

WHEREFORE, Estrada prays for judgment as follows:

1. That Plaintiff takes nothing by way of her Complaint;

2. For judgment in Estrada's favor;

3. An award of attorney's fees and the costs of suit; and

4. Any further relief the Court deems appropriate.

DATED this 21st day of May, 2014.

LAWRENCE J. SEMENZA, III, P.C.


/s/ Lawrence J. Semenza, III, P.C.
Lawrence J. Semenza, III, Esq.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145

*Attorneys for Defendant Jesse Estrada*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Lawrence J. Semenza, III, P.C. and that on this 21st day of May, 2014, I electronically filed the foregoing **DEFENDANT JESSE ESTRADA'S ANSWER TO COMPLAINT** with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record in this matter which are listed below:

Michael P. Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141
mbalaban@balaban-law.com
*Attorney for Plaintiff*

Elayna J. Youchah, Esq.
Erica J. Kelly, Esq.
JACKSON LEWIS P.C.
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
youchahe@jacksonlewis.com
erica.kelly@jacksonlewis.com
*Attorney for Defendant Mandalay Corp.*
*dba Mandalay Bay Resort & Casino*

/s/ Olivia A. Rodriguez
An Employee of Lawrence J. Semenza, III, P.C.

7