Deverie Christensen, Bar # 6596
christensend@jacksonlewis.com
Phillip Thompson, Bar No. 12114
phillip.thompson@jacksonlewis.com
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Tel:  (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant Mandalay Corp.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA L. ROBELLO,<br><br>      Plaintiff,<br><br>v.<br><br>MANDALAY CORP. dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; JESSE ESTRADA, an individual,<br><br>      Defendants. | Case No.  2:14-cv-00456-APG-VCF<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Debra L. Robello ("Plaintiff"), Defendant Mandalay Bay Corp. ("Mandalay" or "Defendant"), Defendant Jesse Estrada ("Estrada" or "Defendant"), and Defendant Bartenders Union, Local 165 ("Union" or "Defendant"), (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below.

### 1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby

stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.    **DEFINITIONS**

    **2.1    PARTY:**   any party to this action, including all of its officers, directors, consultants, retained experts, and outside counsel (and their support staff).

    **2.2    DISCLOSURE OR DISCOVERY MATERIAL:**   all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    **2.3    "CONFIDENTIAL" INFORMATION OR ITEMS:**   information (regardless of how generated, stored or maintained) or tangible things reflecting confidential or personal information that counsel or any of the stipulating parties has in good faith designated as "'Confidential."

    **2.4    RECEIVING PARTY:**   a Party that receives Disclosure or Discovery Material from a Producing Party.

    **2.5    PRODUCING PARTY:**   a Party or non-party that produces Disclosure or Discovery Material in this action.

    **2.6    DESIGNATING PARTY:**   a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    **2.7    PROTECTED MATERIAL:**   any Disclosure or Discovery Material that is designated as "Confidential."

    **2.8    OUTSIDE COUNSEL:**   attorneys who are not employees of a Party but who represent or advise a Party in this action.

    **2.9    HOUSE COUNSEL:**   attorneys who are employees of a Party.

    **2.10    COUNSEL:**   Outside Counsel and House Counsel (as well as their support staffs).

**2.11  EXPERT:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.12  PROFESSIONAL VENDORS:**  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court, or in other settings that might reveal Protected Material.

**4.  DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order or arbitrator's order otherwise directs.

**5.  PROTECTED MATERIAL DEFINED**

**5.1  Applicability of Protective Order** – The parties through their counsel agree that certain documents to be produced by Mandalay, marked "Subject to Protective Order" fall within the scope of this Protective Order.  Said documents contain (1) private information pertaining to the investigation of Plaintiff's complaint against Defendant Estrada, (2) private information pertaining to Defendant Estrada's personnel records, (3) private information pertaining to current employees of Mandalay, and these will be treated as protected pursuant to the terms of this Order as of the date of filing, regardless of the date the Order may be entered by the Court.

The scope of this Stipulated Protective Order is not limited to the expressly identified documents herein.  In addition, this Protective Order shall govern the designation and handling of all

documents marked "Subject to Protective Order" that may be produced in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature.

Nothing herein shall impose any restrictions on the use or disclosure by a party of any material or information, including that which is designated as Protected Material, that is obtained by the party through a means independent of the Court's civil discovery process in this Lawsuit, whether or not such material or information is also obtained through discovery in this lawsuit.

### 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1    Timing of Challenges.**  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2    Meet and Confer.**  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in writing or voice-to-voice dialogue) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3    Judicial Intervention**.  A Party that elects to challenge a confidentiality designation, after considering the justification offered by the Designating Party, may file and serve a motion consistent with this Stipulated Protective Order that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under· the Producing Party's designation.

### 7.      ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1      Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2      Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)      experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)      the Judge, the Court, and its personnel;

(e)      court reporters, their staff and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

5

must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author and recipient of the document or the original source of the information.

(h)     parties to the litigation.

(i)     persons reasonably believed to either be a possible witness or who may have relevant information to assist in evaluating or investigating the claims/issues in this matter

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A.)

**9.     FINAL DISPOSITION.**  Nothing in this Stipulated Protective Order affects, in any way, the admissibility of any documents, testimony, or other evidence at trial.

**10.     MISCELLANEOUS**

**10.1     Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**10.2   Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

LAW OFFICES OF MICHAEL BALABAN                  LAWRENCE J. SEMENZA, III, P.C.

_____                        _____
Michael P. Balaban                              Lawrence J. Semenza, III
10726 Del Rudini Street                         10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89141                         Las Vegas, Nevada  89145
*Attorney for Plaintiff*                        *Attorney for Defendant Jesse Estrada*

MCCRACKEN, STEMERMAN &                          JACKSON LEWIS P.C.
HOLSBERRY

_____                        _____
Kristin L. Martin, Esq.                         Deverie J. Christensen
Sarah Grossman-Swenson, Esq.                    Phillip L. Thompson
1630 Commerce Street, Suite A-1                 3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89102                        Las Vegas, Nevada 89169
*Attorney for Defendant Bartenders Union,*      *Attorney for Defendant*
*Local 165*                                     *Mandalay Bay Corp*

IT IS SO ORDERED.

Dated:_____, 2015            _____
                                    Judge
                                    United States District Court, District of Nevada,

*See next page.*

7

   **10.2    Right to Assert Other Objections.**  By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party

waives any right to object on any ground to use in evidence of any of the material covered by this

Protective Order.

LAW OFFICES OF MICHAEL BALABAN          LAWRENCE J. SEMENZA, III, P.C.


_____          _____
Michael P. Balaban                      Lawrence J. Semenza, III
10726 Del Rudini Street                 10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89141                 Las Vegas, Nevada 89145
*Attorney for Plaintiff*                *Attorney for Defendant Jesse Estrada*


MCCRACKEN, STEMERMAN &                   JACKSON LEWIS P.C.
HOLSBERRY

_____          _____
Kristin L. Martin, Esq.                 Deverie J. Christensen
Sarah Grossman-Swenson, Esq.            Phillip L. Thompson
1630 Commerce Street, Suite A-1         3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89102               Las Vegas, Nevada 89169
*Attorney  for  Defendant  Bartenders  Union,*   *Attorney for Defendant*
*Local 165*                             *Mandalay Bay Corp*


IT IS SO ORDERED.

Dated:_____, 2015     November 30

                                 _____
                                 Judge
                                 United States ~~District Court,~~ District of Nevada
                                         Magistrate  Judge

7

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Court on [date] in the case of *Debra L. Robello v. Mandalay Corp. et al.* Case No. 2:14-cv-00456-APG-VCF.  I agree to comply with and to be bound by a the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, District of Nevada, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action:

I hereby appoint [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____
Printed name: _____
                              [printed name]

Signature: _____          _____