UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBRA L. ROBELLO,<br><br>    Plaintiff,<br><br>v.<br><br>MANDALAY CORP. dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; JESSE ESTRADA, an individual; BARTENDERS UNION LOCAL 165,<br><br>    Defendant. | Case No. 2:14-cv-00456-APG-VCF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 39, 41, 42, 44) |

    Plaintiff Debra Robello is a bartender at the Mandalay Bay Resort & Casino. She alleges that one evening while pouring drinks at a banquet, her coworker Jesse Estrada groped her breasts. She sues Mandalay Bay under Title VII for creating a hostile work environment, the Bartenders Union Local 165 (the "Union") for helping Estrada keep his job, and Estrada for groping her (including claims for assault, battery, and intentional infliction of emotional distress). Each of the defendants moves for summary judgment.

    Mandalay Bay is entitled to summary judgment because it took reasonable steps to protect Robello from harassment, and that is all that Title VII requires. "When an employee accuses a fellow employee of sexual harassment, the employer must reconcile competing rights: the accuser's right to a harassment-free workplace and the accused's right not to be disciplined without fair procedures and sufficient proof of wrongdoing."[1] Mandalay Bay investigated Robello's allegations and ensured she was no longer harassed. Similarly, the Union acted in good faith in handling the situation, so the claim against it must fail too.

---

[1] *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001).

But there are triable issues as to two of Robello's claims against Estrada.  Although there is no evidence to support an assault here (Robello admits she never apprehended that she was about to be touched by Estrada), there is evidence from which a reasonable jury could find Estrada liable for battery and intentional infliction of emotional distress (IIED).  If a jury believes Robello's version of the events, Estrada groped her breasts, laughed about it, and then lied about the incident to Robello's coworkers.  He then continued to work in the same building as Robello for years.  This is enough to support claims for battery and IIED.

## I. BACKGROUND

### A. *Robello's allegations about her harassment*

Robello began working at Mandalay Bay in 1999.[2]  For the next thirteen years, she regularly worked with Estrada, who is also a bartender.[3]  The two never had any sort of incident before the alleged assault.  Indeed, Robello testified that Estrada was a "cordial" and "polite" coworker.[4]

Robello alleges that Estrada sexually assaulted her in September of 2013.[5]  She was preparing for a banquet and realized that she had too many bottles of wine at her bar.[6]  So she took six of the bottles into her arms and headed to a storage room.[7]  On the way, Estrada walked over to her, ostensibly to help with her load.[8]  He said "let me help you with that."[9]  But instead of grabbing the wine, Robello says that Estrada groped her breast.[10]  When she shoved him away,

---

[2] ECF No. 39-1 at 1.
[3] ECF No. 39-2 at 5.
[4] *Id.* at 6, 9.
[5] *Id.* at 10.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*

Estrada started laughing.[11]  Estrada denies any of this happened; he does not even recall talking to Robello that evening.

A security camera captured Estrada's interaction with Robello.  It shows Robello carrying an armload of bottles, and Estrada approaching her and reaching towards her as if to help.[12]  The poor video quality makes it difficult to see whether Estrada merely grabbed the wine or reached farther and groped Robello.[13]  Either way, the interaction lasted a brief moment, and Estrada came away from the interchange holding several bottles of wine.[14]  The pair then walked, side by side, towards a doorway.[15]  There were no witnesses.

B.    *Mandalay Bay and the Union's response, and Robello's treatment since*

Robello reported the alleged incident to her supervisor, and Mandalay Bay immediately suspended Estrada while it investigated.  Mandalay Bay fired Estrada, but the Union challenged this decision.[16]  After more investigation and a hearing, Mandalay Bay decided that the evidence was inconclusive and gave Estrada his job back.[17]

In the two and a half years since, Estrada and Robello have continued to work for Mandalay Bay, but no longer together.  Mandalay Bay has never assigned Estrada to work in the same bar as Robello, nor even an adjacent bar.[18]  Robello admits that she has never been sexually harassed since the single alleged wine bottle incident.[19]  Indeed, the only interaction she has had with Estrada since then was when he held an elevator door open for her.[20]

---

[11] *Id.*
[12] ECF No. 46.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] ECF No. 39-1 at 3.
[17] *Id.*
[18] ECF No. 39-2 at 15.
[19] *Id.*
[20] *Id.*

Robello alleges that although there was no more sexual harassment, Mandalay Bay and the Union retaliated against her for reporting Estrada's alleged assault. She points out that a month after her report, she received a write-up for arguing with a co-worker[21] (although, notably, this co-worker was also written up for the incident).[22] Robello also points to an incident where a supervisor told her that she could not wear a shirt with a Raiders logo because it violated a Mandalay Bay policy.[23] Finally, Robello suggests that she was being retaliated against when another bartender unilaterally decided to take her shift one day (although there is no evidence that this bartender even knew Robello had lodged a harassment complaint).[24]

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, discovery responses, and other offered evidence show "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[25] When considering summary judgment, I view all facts and draw all inferences in the light most favorable to the non-moving party.[26]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."[27] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[28] She "must produce specific evidence, through

---

[21] ECF No. 39-1 at 27.
[22] *Id.* at 30.
[23] ECF No. 39-2 at 39-40.
[24] *Id.* at 42-3.
[25] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (*citing* Fed. R. Civ. P. 56(c)).
[26] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).
[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.
[28] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citation omitted).

affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in her favor.[29]

**B. Robello's claims against Mandalay Bay fail.**

Robello contends that Mandalay Bay is liable under Title VII for creating a hostile work environment and because it retaliated against her for reporting Estrada's harassment.

Mandalay Bay cannot be liable for a hostile work environment because it took "prompt corrective action that [wa]s reasonably calculated to end the harassment"—and that is all that Title VII requires of employers.[30] An "employer insulate[s] itself from Title VII liability" if it responds to complaints of sexual harassment "reasonably."[31] Although what is reasonable will vary with the facts of each case, courts look to whether the employer thoroughly investigated the complaint, the severity of the allegations, what steps the employer took to prevent future harassment, and whether any future harassment actually took place.[32]

Generally, an employer will not be liable if it investigates a harassment complaint and determines there is insufficient evidence to support it. After all, "it makes no sense to tell employers that they act at their legal peril if they fail to impose discipline even if they do not find what they consider to be sufficient evidence of harassment."[33] "Employees are no better served by a wrongful determination that harassment occurred than by a wrongful determination that no harassment occurred."[34]

Employers will also not be liable if, instead of firing a harasser, they take other steps reasonably calculated to stop the harassment. For example, the Ninth Circuit held that an employer acted reasonably when a plaintiff alleged that her coworker "squeezed her breasts,"

---

[29] *Bhan v. NME Hosps. Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[30] *Swenson*, 271 F.3d at 1192.

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

because it moved the accused coworker to a different shift and the harassment ended.[35] Similarly, in another case, an employer acted reasonably by moving an accused harasser so that he saw the plaintiff only about once per month and the plaintiff reported no further harassment.[36]

Mandalay Bay reasonably determined that Robello's harassment complaint was not adequately supported. The casino quickly responded to Robello's report by suspending and then initially firing him. It conducted a further investigation and ultimately determined that there was not enough evidence to support termination. Estrada had no history of harassment; indeed, Robello admits she worked closely with him for thirteen years without incident. The only direct evidence (aside from Robello and Estrada's own testimony) is a grainy video that is equally consistent with Estrada's version of events. Because Mandalay Bay reasonably concluded there was not enough evidence of harassment, this is reason enough to grant it summary judgment.[37]

But even if Mandalay Bay should have credited Robello's allegations, it took reasonable steps to prevent her from being harassed in the future, which is all that Title VII requires. The casino ensured that Estrada did not work closely with Robello in the future—the two were not permitted to work in the same bar, nor even at two adjacent bars. And Robello admits the harassment ended. No reasonable jury could find that Mandalay Bar created a hostile work environment by unreasonably responding to Robello's complaints.

Nor is there any evidence to support a retaliation claim against the casino. Robello must prove: "(1) [her] involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two."[38] Robello's claim fails on both the second and third prongs. As a preliminary matter, Robello offers no real authority or analysis to oppose the defendants'

---

[35] *Star v. West*, 237 F.3d 1036, 1039 (9th Cir. 2001).

[36] *Swenson*, 271 F.3d at 1195.

[37] Robello inexplicably suggests that Mandalay Bay was somehow required to credit her version of events over Estrada's. ECF No. 47 at 25. But Robello cites no authority for this position, and it makes no sense. Mandalay Bay is not required to fire one of its employees simply because the plaintiff makes an accusation. *Swenson*, 271 F.3d at 1195.

[38] *Brooks*, 229 F.3d at 928.

arguments on this point—that is reason enough to grant judgment against Robello.[39] But in any event, the things that Robello alleges Mandalay Bay did to her—allowing her co-workers to harass her, giving her a write-up, telling her she could not wear sports logos while working—are not the sort of "non-trivial employment" actions that constitute an adverse action for purposes of Title VII.[40] Moreover, there is no evidence establishing a causal link between these actions and Robello's harassment complaint.[41]

Mandalay Bay is therefore entitled to summary judgment on both the hostile work environment and retaliation claims.

### C. Robello's claims against the Union fail.

Robello asserts two claims against the Union under Title VII, 42 U.S.C. § 2000e-2: (1) the Union retaliated against her for reporting Estrada's harassment, and (2) the Union caused Mandalay Bay to discriminate against her by pursuing Estrada's grievance in bad faith.[42] These claims fail for the same reasons they fail against Mandalay Bay: there is no evidence that the Union took an adverse employment action against Robello, and there is no evidence of a causal connection between the Union's alleged retaliatory acts and Robello's harassment complaint.[43]

---

[39] L.R. 7-2(d).  I must also inquire into whether the defendants have met their burden on summary judgment, and as explained below, they have.

[40] *Brooks*, 229 F.3d at 928; *see also Hudson v. Tahoe Crystal Bay, Inc.*, 191 F.3d 460 (9th Cir. 1999) (unpublished) (holding that a write-up is not an adverse employment action unless it results "in a demotion, suspension, reduction in salary, or other adverse effect").

[41] Robello's entire argument for a causal link is that some of the alleged actions were close in time to her harassment complaint, but that is not enough to create a triable issue.

[42] Robello abandons direct arguments against the Union related to her own representation, probably because she never exhausted her remedies with it.

[43] Robello alleges that the Union retaliated against her by allowing representatives to "act[] offish" towards her, by calling her a "trouble maker," and by allowing an office worker to refuse to give Robello a referral. ECF No. 47 at 27.  As explained above, the first two allegations are not adverse employment actions under Title VII.  And the undisputed evidence shows that Robello was not referred to the position she wanted because a third party contractor chose which bartenders got the position, not the Union. ECF No. 41-5 at 2.  The undisputed evidence also shows that the Union representative in question did not even know of Robello's harassment complaint, so there is no triable issue as to causation either. *Id.* at 3.

Robello next argues that the Union pursued Estrada's grievance in bad faith because it knew or should of known the grievance had no merit. This argument fails for at least two reasons. First, there is no evidence the Union acted in bad faith in pursuing a grievance on Estrada's behalf—indeed, as I explained above, Mandalay Bay found reasonable grounds to give Estrada his job back. Robello said that Estrada inappropriately groped her; Estrada denied it. The video of Robello and Estrada's interaction is equally consistent with their respective stories. The only other evidence Robello offers is that, early on, a Union representative wrote to Mandalay Bay that the Union did "not believe just cause" existed to fire Estrada. Robello reasons that this means the Union made up its mind that Estrada was innocent without even looking at the evidence. But the Union representative asked in that same letter for all of the relevant evidence so it could make a proper determination—on balance, this is not enough to create a triable issue about whether the Union was acting in bad faith.[44]

And even if the Union somehow knew that Estrada had touched Robello inappropriately, it still could have argued in good faith that Estrada should be disciplined with something other than termination. Accordingly, there is simply no evidence that the Union acted in bad faith when it filed a grievance for Estrada, much less a triable issue of fact on this point. The Union is therefore entitled to summary judgment.

**D.  Some of Robello's claims against Estrada survive.**

Robello brings three claims against Estrada: (1) assault, (2) battery, and (3) intentional infliction of emotional distress (IIED).

Robello has not created a triable issue that an assault occurred. Robello must prove that Estrada put her "in apprehension of" "harmful or offensive physical contact."[45] And the undisputed evidence shows that Robello never apprehended that she was about to be touched

---

[44] Robello does not provide any authority suggesting that a Union can even be liable based on the mere fact that its decision to file a grievance may have led to harm to someone else. And the relevant authority suggests it cannot. *See Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *Danieu v. Teamsters*, 2011 WL 1259839, at *6 (W.D.N.Y. Mar. 31, 2011).

[45] *Sandoval v. Las Vegas Metro. Police Dep't,* 854 F. Supp. 2d 860, 882 (D. Nev. 2012).

1  harmfully or offensively.  She admits that until Robello groped her, she thought he was just trying
2  to help carry the bottles: "Before Mr. Estrada made physical contact with you, were you afraid
3  that he was going to inappropriately touch you? [Robello:] No."[46]  Robello cannot maintain her
4  assault claim.

5  However, Robello has created a triable issue as to whether Estrada battered her.  Estrada
6  argues that the video speaks for itself: "He simply took the wine from her."[47]  But while the video
7  shows Estrada grasping something in the area of Robello's chest, it is unclear whether that was
8  her breast or the wine bottles.  A jury will have to decide that fact issue.

9  This triable fact issue whether Estrada groped Robello's breast also precludes summary
10  judgment on the IIED claim.  IIED requires three elements: "(1) extreme and outrageous conduct
11  with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiffs
12  having suffered severe or extreme emotional distress and (3) actual or proximate causation."[48]
13  "[W]here reasonable people may differ, the jury determines whether the conduct was extreme and
14  outrageous enough to result in liability."[49]  If a jury believes Robello's version, it could determine
15  that Estrada's groping of her breast was extreme and outrageous conduct.  And Robello provides
16  evidence that she suffered emotional distress as a result.

17  Estrada also argues that both the battery and IIED claims fail on their damages prong. The
18  thrust of his argument is that Robello is suing for the emotional damages she suffered from
19  having to continue to work in the same building as Estrada after the alleged groping, not damages
20  caused by the groping itself.  He reasons that his alleged touching thus did not proximately cause
21  the emotional damages she is suing for.  Estrada's position is untenable for two reasons.  First,
22  proximate cause is a factor for negligence, not intentional torts.  In Nevada, "proximate cause is
23  not [normally] an issue" in a battery case, because "the perpetrator of the act is presumed to have

---

[46] ECF No. 42-1.

[47] ECF No. 49 at 9.

[48] *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (en banc).

[49] *Chehade Refai v. Lazaro*, 614 F. Supp. 2d 1103, 1121 (D. Nev. 2009).

intended the consequences."[50]  If Estrada committed the initial battery or IIED, he therefore is liable for all the damages flowing from that act—including the emotional damage caused from Robello working near her alleged harasser.

Second, Estrada is effectively arguing that Mandalay Bay is solely at fault for the fact that he continued to work near Robello, but he does not explain why.  After all, he, too, made the decision to continue working at Mandalay Bay.  Assuming Robello's version of events is true and making all inferences in her favor, Estrada sexually assaulted Robello.  He groped her breast, laughing while he did it.  Then he effectively told all of Robello's co-workers that she was lying about the incident.  Knowing all of this, he continued working in the same building as her each day.  If a jury finds all of this is true, Estrada cannot shift the blame to Mandalay Bay simply because it allowed him to carry out his actions.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that the Union's motion for summary judgment **(ECF No. 41)** and Mandalay Bay's motion for summary judgment **(ECF No. 39) are GRANTED**.

IT IS FURTHER ORDERED that the Union's motion to dismiss **(ECF No. 44) is DENIED as moot**.

IT IS FURTHER ORDERED that Estrada's motion for summary judgment **(ECF No. 42) is GRANTED IN PART AND DENIED IN PART**, as explained above.

DATED this 14th day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[50] *Walker v. Burkham*, 222 P.2d 205, 219 (Nev. 1950).