UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEBRA L. ROBELLO,<br><br>Plaintiff,<br><br>v.<br><br>MANDALAY CORP. dba MANDALAY BAY RESORT & CASINO, a Nevada Corporation; JESSE ESTRADA, an individual; BARTENDERS UNION LOCAL 165,<br><br>Defendants. | Case No. 2:14-cv-00456-APG-VCF<br><br>**ORDER DENYING MOTION FOR RULE 54(B) CERTIFICATION AND STAY OF REMAINING CLAIMS**<br><br>(ECF Nos. 59, 61) |

Plaintiff Debra Robello requests that I direct entry of final judgment on the claims that I previously dismissed. ECF No. 59. Robello asserts that she needs that certification to perfect her appeal to the Ninth Circuit. Defendant Mandalay Bay filed an "emergency joinder" to that request. ECF No. 61.[1]

The Ninth Circuit has cautioned against entry of Rule 54(b) certification in routine cases. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) ("Because Wood's case is itself routine and partial adjudication of one of several related claims or issues is likewise routine, granting her Rule 54(b) request does not comport with the interests of sound judicial administration."). Moreover, when "the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable, . . . [a] Rule 54(b) request" should not be granted. *Id.* at 883. There is nothing unique, complicated, or unusual about this case that would justify

---

[1] Mandalay Bay's joinder seeks an expedited decision because the Ninth Circuit set a June 28 deadline for the parties to obtain Rule 54(b) certification or risk dismissal of the appeal. ECF No. 61 at 2:12-14. I do not know why Robello did not seek Rule 54(b) certification sooner. But had she timely sought such certification before filing her appeal (or shortly after filing her appeal), there would be no need for emergency relief. A party's failure to act diligently does not convert the situation into a court emergency.

entry of final judgment on the claims that I have denied. Resolution of the appeal can wait until the remaining claims are addressed at trial.

IT IS THEREFORE ORDERED that Robello's motion for Rule 54(b) certification and a stay of the remaining claims **(ECF No. 59)** and Mandalay Bay's emergency joinder **(ECF No. 61) are DENIED.**

DATED this 26th day of June, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE